IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EILEEN SHAVELSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CHIEF JUSTICE CRAIG NAKAMURA OF ICA, STATE OF HAWAII INTERMEDIATE COURT OF APPEALS, AND SUPREME COURT ADMINISTRATION OFFICE,<br><br>　　　　Defendant. | Civ. No. 15-00286 HG-BMK |

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (ECF No. 15)**

**and**

**DISMISSING PLAINTIFF'S COMPLAINT (ECF NO. 1) WITH PREJUDICE**

　　Plaintiff Eileen Shavelson, proceeding pro se, has filed a Complaint.  Plaintiff has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs.

　　The named defendant in the Complaint is Craig Nakamura in his capacity as the Chief Judge of the Hawaii Intermediate Court of Appeals.  Plaintiff's filing is difficult to decipher and contains unintelligible pleadings.  The Court construes Plaintiff's pleading liberally and concludes that it does not

1

contain any claim upon which relief may be granted.

Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is **GRANTED** (ECF No. 15).

Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

### PROCEDURAL HISTORY

On July 30, 2015, Plaintiff filed a Complaint. (ECF No. 1).

On the same date, the Court issued a Deficiency Order because Plaintiff's Complaint was not accompanied by either a filing fee or an Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 4). Plaintiff was provided with thirty days to either pay the filing fee or submit the appropriate Application to Proceed in District Court Without Prepaying Fees or Costs. (Id.)

On August 6, 2015, Plaintiff filed Criminal Justice Act Form 23, which is not the appropriate Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 5).

On August 24, 2015, Plaintiff made a filing entitled "MOTION TO DECLARE DEFAULT AS SUMMARY JUDGEMENT." (ECF No. 7).

On September 10, 2015, the Court issued a Minute Order dismissing Plaintiff's Complaint for failing to either pay the filing fee or to submit the appropriate Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 8).

On September 21, 2015, Plaintiff filed a Motion for Reconsideration of Dismissal.  (ECF No. 11).

On September 28, 2015, the Court granted Plaintiff's Motion for Reconsideration and provided Plaintiff with an additional thirty days to either pay the filing fee or submit the appropriate Application to Proceed in District Court Without Prepaying Fees or Costs.

On October 8, 2015, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs.  (ECF No. 15).

On November 20, 2015, Plaintiff filed a MOTION TO DECLARE DEFAULT BY DEFENDANTS.  (ECF No. 16).

## BACKGROUND

According to the Complaint, Plaintiff has filed numerous complaints, writs, and appeals in Hawaii State Court.  (Complaint at p. 1, ECF No. 1).  Plaintiff's Complaint here concerns an appeal that she filed with the Hawaii Intermediate Court of Appeals on November 4, 2013.  (Id.)  Plaintiff claims that on January 8, 2014, Chief Judge Nakamura of the Hawaii Intermediate Court of Appeals issued a decision dismissing Plaintiff Shavelson's appeal.  (Id.)

Plaintiff has named Chief Judge Craig Nakamura as the

Defendant in her Complaint.[1]  (Id. at p. 1).  Plaintiff alleges that Defendant Chief Judge Nakamura has deprived her of her procedural due process rights.  (Id. at pp. 1-2).

## STANDARD OF REVIEW

**Screening Applications to Proceed In Forma Pauperis**

The Court must subject each civil action where the plaintiff has filed an Application to Proceed Without Prepayment of Fees and seeks to proceed in forma pauperis to mandatory screening pursuant to 28 U.S.C. § 1915(a).

The Court shall order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

For screening purposes, the Court accepts as true the

---

[1] Defendant's title is "Chief Judge" of the Hawaii Intermediate Court of Appeals rather than "Chief Justice" as stated in the Complaint.

allegations of the Complaint.  Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976).  The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect ... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); Lopez, 203 F.3d at 1126.

**Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)**

The Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted[.]"  A Rule 12(b)(6) dismissal is proper when there is either a lack of a cognizable legal theory or the absence of sufficient facts as alleged by the plaintiff. UMG Recordings, Inc. v. Shelter Capital Partners, LLC, 718 F.3d 1006, 1014 (9th Cir. 2013).

The court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if it fails to contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (quoting Twombly, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." AE ex rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

## ANALYSIS

### I. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 15)

Plaintiff has filed an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 15).

A court may authorize a litigant to proceed without prepayment of fees if the litigant submits an affidavit that

includes a statement that the litigant is unable to pay the required fees.  28 U.S.C. § 1915(a)(1).  An affidavit is sufficient to support an application to proceed without prepayment of fees if it demonstrates that the litigant "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948).

Plaintiff's Application states that she receives $722 per month from Social Security Disability payments and has minimal savings.  (Id. at p. 1).  Plaintiff indicates that she has significant debts and financial obligations.  (Id. at p. 2).

The Court finds that Plaintiff has demonstrated that she is unable to pay court fees at this time.  Plaintiff's Application to Proceed in District Court Without Prepaying Fees of Costs (ECF No. 15) is **GRANTED.**

**II.  Plaintiff's Complaint (ECF No. 1)**

The Court screens Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(a) because she is proceeding in forma pauperis. The Court construes the pleadings liberally because Plaintiff is proceeding pro se.  Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se

litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))).

Even liberally construed, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

The basis of Plaintiff's claim is that she has filed a lawsuit in the Circuit Court of the Fifth Circuit, State of Hawaii, which remains on-going.  (Complaint at p. 1, ECF No. 1). Plaintiff states that during the course of the litigation, she has filed numerous appeals with the Hawaii Intermediate Court of Appeals.  (Id.)  Plaintiff asserts that Defendant Chief Judge Nakamura of the Hawaii Intermediate Court of Appeals denied her second appeal, and Plaintiff claims that the Defendant Chief Judge denied her "right to procedural fairness."  (Id.)

Plaintiff claims that over the course of the two years while her case has been on-going, she has filed "3 writ of mandamuses in the State of Hawaii Supreme Court and another appellate case CAAP-14-0001425, plus filed numerous motions and pleas for relief in both the appellate cases and the original circuit case, neither the circuit judge Randall Valenciano, and the Chief Justice of ICA, Nakamura have responded appropriately to resolve this issue."  (Complaint at p. 1, ECF No. 1).

The Complaint requests the following relief:

> Plaintiff pro se requests that the US District Court Justice require Chief Justice Nakamura to rule by writ of procedendo for the circuit Judge Valenciano to make a ruling, and then hold the lower judge in contempt of

> court if he does not comply. In the alternative, Plaintiff request the immediate removal of Chief Justice from these appellate cases, and that action be taken to get another Justice to do the ruling. Since Judge Nakamura has repeatedly denied the Plaintiff fair and due procedural fairness himself, it is most likely that such a removal (he has ignored requests by plaintiff for his recusal so far) would restore procedural fairness.

(<u>Id.</u> at p. 2).

Plaintiff's claims against Defendant Chief Judge Nakamura fail because judges are absolutely immune from liability for acts done by them in the exercise of their judicial functions. <u>See</u> <u>Miller v. Davis</u>, 521 F.3d 1142, 1145 (9th Cir. 2008); <u>Mullis v. Bankr. Ct. For the Dist. Of Nev.</u>, 828 F.2d 1385, 1388 (9th Cir. 1987) (holding that judges are absolutely immune from civil liability for damages for their judicial acts).

Judicial immunity is not limited to immunity from damages, but it extends to actions for declaratory, injunctive, and other equitable relief. <u>Moore v. Brewster</u>, 96 F.3d 1240, 1243 (9th Cir. 1996), *superceded by statute on other grounds as recognized in* <u>Tia v. Mollway</u>, 2011 WL 2945813, at *4 (D. Haw. July 20, 2011).

The doctrine of absolute judicial immunity is based on the policy that "judges should be at liberty to exercise their functions with independence and without fear of consequences." <u>Pierson v. Ray</u>, 386 U.S. 547, 554 (1967) (applying judicial immunity to an action pursuant to 42 U.S.C. § 1983).

9

Judicial immunity is an immunity from suit, not just from the ultimate assessment of damages. Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam). Judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial. Id.; Meek v. Cnty. of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences. Moore, 96 F.3d at 1244.

The allegations in the Complaint pertaining to the Defendant Chief Judge are directed at acts done in the exercise of his judicial functions. Defendant Chief Judge Nakamura is absolutely immune from suit and Plaintiff's claims fail.

Plaintiff has previously filed a complaint against Hawaii state court judges in this District containing similar allegations, which was also dismissed for failure to state a claim. Shavelson v. Judge Randall Valenciano, Civ. No. 15-00047 JMS-KSC, 2015 WL 846534, *3 (D. Haw. Feb. 26, 2015) (finding that Plaintiff Shavelson's claims against Judge Valenciano, the Hawaii Intermediate Court of Appeals, and Chief Judge Craig Nakamura, were barred by judicial immunity).

To the extent Plaintiff's Complaint seeks review by the federal District Court of a decision issued by a Hawaii state court, Plaintiff's claims are barred pursuant to the Rooker-

Feldman doctrine set forth in Rooker v. Fidelity Trust Co, 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). See Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 858-59 (9th Cir. 2008) (The Rooker-Feldman doctrine prohibits federal district courts from exercising appellate jurisdiction over final state court judgments).

The claims in Plaintiff's Complaint are barred based on judicial immunity and the Rooker-Feldman doctrine. There are no additional facts that could remedy Plaintiff's Complaint. Amendment is not permitted as it is apparent that granting leave to amend would be futile. Carrico v. City & Cnty. of S.F., 656 F.3d 1002, 1008 (9th Cir. 2011); W. Shoshone Nat'l Council v. Molini, 951 F.2d 200, 204 (9th Cir. 1991).

## CONCLUSION

Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is **GRANTED**. (ECF No. 15).

Plaintiff's Complaint (ECF NO. 1) is **DISMISSED WITH PREJUDICE.**

//
//
//
//

11

    The Clerk of the Court is ordered to close the case.

    IT IS SO ORDERED.

    DATED:   Honolulu, Hawaii, November 20, 2015.



                         /s/ Helen Gillmor

                         Helen Gillmor
                         United States District Judge

<u>Eileen Shavelson v. Chief Justice Craig Nakamura of ICA, State of Hawaii Intermediate Court of Appeals, and Supreme Court Administration Office</u>; Civ. No. 15-00286 HG-BMK; **ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (ECF No. 15) and DISMISSING PLAINTIFF'S COMPLAINT (ECF NO. 1) WITH PREJUDICE**