IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EILEEN SHAVELSON,<br><br>          Plaintiff,<br><br>     vs.<br><br><br>CHIEF JUSTICE CRAIG NAKAMURA OF<br>ICA, STATE OF HAWAII<br>INTERMEDIATE COURT OF APPEALS,<br>AND SUPREME COURT<br>ADMINISTRATION OFFICE,<br><br>          Defendant. | Civ. No. 15-00286 HG-BMK |

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER OVERLOOKED
DEFENDANTS PLUS LACK OF PROCEDURAL FAIRNESS/CALL FOR REHEARING
(ECF No. 19)**

Plaintiff Eileen Shavelson, proceeding pro se, has filed a Motion seeking reconsideration of the Court's Order dismissing her Complaint with prejudice.  Plaintiff asserts that the Court did not address her claims against the Hawaii Attorney General's Office and argues there was insufficient "procedural fairness."

Plaintiff's MOTION TO RECONSIDER OVERLOOKED DEFENDANTS PLUS LACK OF PROCEDURAL FAIRNESS/CALL FOR REHEARING (ECF No. 19) is **DENIED.**

## PROCEDURAL HISTORY

On July 30, 2015, Plaintiff filed a Complaint.  (ECF No. 1).

On the same date, the Court issued a Deficiency Order because Plaintiff's Complaint was not accompanied by either a filing fee or an Application to Proceed in District Court Without Prepaying Fees or Costs.  (ECF No. 4).  Plaintiff was provided with thirty days to either pay the filing fee or submit the appropriate Application to Proceed in District Court Without Prepaying Fees or Costs.  (Id.)

On August 6, 2015, Plaintiff filed Criminal Justice Act Form 23, which is not the appropriate Application to Proceed in District Court Without Prepaying Fees or Costs.  (ECF No. 5).

On August 24, 2015, Plaintiff made a filing entitled "MOTION TO DECLARE DEFAULT AS SUMMARY JUDGEMENT."  (ECF No. 7).

On September 10, 2015, the Court issued a Minute Order dismissing Plaintiff's Complaint for failing to either pay the filing fee or to submit the appropriate Application to Proceed in District Court Without Prepaying Fees or Costs.  (ECF No. 8).

On September 21, 2015, Plaintiff filed a Motion for Reconsideration of Dismissal.  (ECF No. 11).

On September 28, 2015, the Court granted Plaintiff's Motion for Reconsideration and provided Plaintiff with an additional thirty days to either pay the filing fee or submit the appropriate Application to Proceed in District Court Without

Prepaying Fees or Costs.

On October 8, 2015, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs.  (ECF No. 15).

On November 20, 2015, Plaintiff filed a MOTION TO DECLARE DEFAULT BY DEFENDANTS.  (ECF No. 16).

On November 23, 2015, the Court issued an ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE.  (ECF No. 17).

Also on November 23, 2015, Judgment was entered against Plaintiff.  (ECF No. 18).

On November 27, 2015, Plaintiff filed a MOTION TO RECONSIDER OVERLOOKED DEFENDANTS PLUS LACK OF PROCEDURAL FAIRNESS/CALL FOR REHEARING.  (ECF No. 19).

## STANDARD OF REVIEW

A motion for reconsideration filed within twenty-eight days of entry of judgment is considered a motion filed pursuant to Federal Rule of Civil Procedure 59(e).  Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).  The Ninth Circuit Court of Appeals has set forth the following grounds justifying reconsideration pursuant to Rule 59(e):

(1)    If such motion is necessary to correct manifest errors
       of law or fact upon which the judgment rests;

(2)    If such motion is necessary to present newly discovered
       or previously unavailable evidence;

(3)    If such motion is necessary to prevent manifest
       injustice; or,

(4)    If an amendment to the judgment is justified by an
       intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir.

2011).  There may also be other, highly unusual, circumstances

warranting reconsideration.  Sch. Dist. No. 1J, Multnomah Cnt.,

Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

## ANALYSIS

Plaintiff asserts in her Motion to Reconsider that the Court

did not address her claims against the Hawaii Attorney General's

Office.  (Pla.'s Motion to Reconsider, ECF No. 19).  Plaintiff

also claims that there was "a breach of procedural fairness."

(Id.)

The Court construes the pleading liberally because Plaintiff

is proceeding pro se.  Eldridge v. Block, 832 F.2d 1132, 1137

(9th Cir. 1987) ("The Supreme Court has instructed the federal

courts to liberally construe the 'inartful pleading' of pro se

litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982)

(per curiam))).

Even liberally construed, Plaintiff's Motion does not

4

establish grounds to justify reconsideration pursuant to Federal

Rule of Civil Procedure 59(e).

**I.   Plaintiff Has Not Demonstrated Reconsideration Is Warranted Where She Failed to Comply With Fed. R. Civ. P. 10(a)**

    **A.   Plaintiff Did Not Name the Hawaii Attorney General's Office in the Caption of Her Complaint**

Federal Rule of Civil Procedure 10(a) requires that the name

of each defendant be included in the caption of the complaint.

Fed. R. Civ. P. 10(a); Ferdik v. Bonzelet, 963 F.2d 1258, 1262

(9th Cir. 1992); West v. Marsh, 2010 WL 624303, *6 (E.D. Cal.

Feb. 22, 2010).

Plaintiff's Complaint filed on July 30, 2015, named the

following Defendant in the caption: "Chief Justice Craig Nakamura

of ICA, State of Hawaii Intermediate Court of Appeals, and

Supreme Court Administration Office."  (ECF No. 1).

On November 23, 2015, the Court dismissed Plaintiff's

Complaint against Judge Nakamura based on well-settled and

binding precedent that holds that judges are absolutely immune

from civil liability for acts performed in the exercise of their

judicial functions.  (Order Dismissing Plaintiff's Complaint With

Prejudice at pp. 7-11, ECF No. 17).

Plaintiff asserts in her Motion that she seeks

reconsideration of the Court's order because the Court did not

address her claims against the Hawaii Attorney General's Office.

(Pla.'s Motion to Reconsider, ECF No. 19).

Plaintiff did not name the Hawaii Attorney General's Office as a defendant in her Complaint.  Plaintiff has not established that her failure to comply with Fed. R. Civ. P. 10(a) warrants reconsideration of the Court's order dismissing her Complaint.

The leniency given to pro se pleadings does not relieve a pro se plaintiff of the duty to satisfy the pleading standard prescribed by Fed. R. Civ. P. 10.  McNeil v. United States, 508 U.S. 106, 113 (1993); Faretta v. California, 422 U.S. 806, 834 n.46 (1975) (finding the "right of self-representation is not a license...not to comply with relevant rules of procedural and substantive law").

**B.    Plaintiff's Complaint Does Not State a Claim Against the Hawaii Attorney General's Office**

The Ninth Circuit Court of Appeals has found that a complaint may be dismissed for failing to comply with Fed. R. Civ. P. 10(a) unless it is clear from the allegations and the prayer for relief in the complaint that the plaintiff intended to name a different defendant.  Ferdik, 963 F.2d at 1262; Welch v. Sethi, 177 Fed. Appx. 626 (9th Cir. 2006); Rice v. Hamilton Air Force Base Commissary, 720 F.2d 1082, 1085 (9th Cir. 1983).

A court is not required to "comb through the voluminous complaint and guess who Plaintiff intended to sue."  Watford v. Quinn, 2014 WL 3252201, *1 (S.D. Ill. July 8, 2014).

The only allegations in Plaintiff's complaint that refer to

the Hawaii Attorney General's Office are as follows:

> Also, the State of Hawaii Attorney Generals Office
> staff attorney John Cleghorn was the defense counsel
> for Judge Valenciano in case CV-15-00047, dismissed In
> Feb 2015 In that dismissal Judge Seabright made
> recommendations for Judge Valenciano to follow through,
> which he did NOT do, even after several additional
> motions were filed in March, April, and May 2015 by
> Plaintiff in the circuit court case, and copies filed
> in appellate cases where the attorney is electronically
> served.
>
> Since February, 5 months ago, the AG staff attorney not
> only did not follow through in getting their clients to
> comply with these recommendations, but it appears the
> staff attorneys ignored them as well.
>
> (Complaint at p. 2, ECF No. 1).

There is no indication that the statements in Plaintiff's

Complaint are anything other than factual allegations.  The

allegations do not assert any cause of action or seek relief from

the Hawaii Attorney General's Office.

The Complaint requested the following in the prayer for

relief:

> Plaintiff pro se requests that the US District Court
> Justice require Chief Justice Nakamura to rule by writ
> of procedendo for the circuit Judge Valenciano to make
> a ruling, and then hold the lower judge in contempt of
> court if he does not comply.  In the alternative,
> Plaintiff request the immediate removal of Chief
> Justice from these appellate cases, and that action be
> taken to get another Justice to do the ruling.  Since
> Judge Nakamura has repeatedly denied the Plaintiff fair
> and due procedural fairness himself, it is most likely
> that such a removal (he has ignored requests by
> plaintiff for his recusal so far) would restore
> procedural fairness.

> Plaintiff pleads to the US District court to administer, and require the justices of the Hawaii state court to administer, justice, fair and due procedural process at both the circuit and appellate levels, and to refrain from biased and prejudicial practices, which are unfair, outdated, and unacceptable in a court of law.

> (Complaint at pp. 2, 3, ECF No. 1).

Plaintiff's prayer for relief does not name the Hawaii Attorney General's Office.

There is no evidence that Plaintiff served the Hawaii Attorney General's Office with her Complaint. Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir. 1985).

Even if Plaintiff had named the Hawaii Attorney General's Office as a defendant, Plaintiff's Complaint has not provided sufficient allegation to state a plausible claim against the Hawaii Attorney General's Office pursuant to the pleading standards set forth in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## II. Plaintiff Has Not Demonstrated Reconsideration Is Warranted Based on Procedural Fairness

Plaintiff states that there was a breach of procedural fairness and appears to request a hearing.

Plaintiff has not identified any error of law or fact, any newly discovered or previously unavailable evidence, any change in law, or any other circumstance that would require

8

reconsideration of this matter.  <u>Allstate Ins. Co.</u>, 634 F.3d at 1111.

<u>CONCLUSION</u>

Plaintiff's MOTION TO RECONSIDER OVERLOOKED DEFENDANTS PLUS LACK OF PROCEDURAL FAIRNESS/CALL FOR REHEARING (ECF NO. 19) is **DENIED**.

The Clerk of the Court is ordered to close the case.

No further filings in this case will be accepted by the District Court without prior permission of the District Judge.

IT IS SO ORDERED.

DATED:     Honolulu, Hawaii, December 7, 2015.



 /s/ Helen Gillmor

Helen Gillmor
United States District Judge

<u>Eileen Shavelson v. Chief Justice Craig Nakamura of ICA, State of Hawaii Intermediate Court of Appeals, and Supreme Court Administration Office</u>; Civ. No. 15-00286 HG-BMK; **ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER OVERLOOKED DEFENDANTS PLUS LACK OF PROCEDURAL FAIRNESS/CALL FOR REHEARING (ECF No. 19)**